IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Zinganything, LLC**, | ) | |
| 1760 Wadsworth Road | ) | Case No. |
| Akron, Ohio 44320, | ) | |
| | ) | Judge |
| and, | ) | |
| | ) | |
| **Brighteye Innovations, LLC**, | ) | |
| 1760 Wadsworth Road | ) | |
| Akron, Ohio 44320, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | ***COMPLAINT*** |
| | ) | *(Jury Demand Endorsed Hereon)* |
| **The Ashley Collection dba Protocol**, | ) | |
| 250 W. 57th St., Ste. 1120 | ) | |
| New York, NY 10107, | ) | |
| | ) | |
| Defendant. | ) | |

NOW COME the Plaintiffs, *Zinganything, LLC, and Brighteye Innovations, LLC*, and for their Complaint against the Defendant hereby alleges as follows:

## THE PARTIES

1. The Plaintiffs, Zinganything, LLC, and Brighteye Innovations, LLC, are limited liability companies organized under the laws of Ohio, and have their principal place of business in Akron, Ohio, County of Summit.

2. The Defendant, The Ashley Collection dba Protocol, upon information and belief, is a New York business entity, which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

## JURISDICTION AND VENUE

3. This is an action for intellectual property infringement, including, but not limited to, patent infringement, copyright infringement, and trademark infringement. The patent claims arise under the patent laws of the United States, specifically 35 U.S.C. § 281 *et al*. The trademark claims arise under the trademark laws of the United States, specifically 15 U.S.C. § 1114(1) *et al*. The copyright claims arise under the copyright laws of the United States, specifically 18 U.S.C. 2318(e)(1) *et al*.

4. This Court has federal question subject matter jurisdiction in this matter, at least, pursuant to 28 U.S.C. §§ 1331, 1338, and 35 U.S.C. § 281 *et al.* because this action arises under federal law of the United States.

5. In addition or in the alternative to this Court's federal question jurisdiction, this Court also has subject matter jurisdiction pursuant to diversity of citizenship principles as the parties are from different states and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over the Defendant by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio, within this judicial district and elsewhere. The Defendant named herein sold product in this district over online platforms such as Kohl's. Plaintiffs purchased product the Defendant and it was shipped to Plaintiffs' office.

7. Ohio's Long-Arm Statute, RC § 2307.382(A)(1), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state." In this case, the

Defendant transacts business in this state. The Defendant sells infringing product in this district and elsewhere.

8. Ohio's Long-Arm Statute, RC § 2307.382(A)(2), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (2) Contracting to supply services or goods in this state." In this case, the Defendant contracts to supply goods in this state. The Defendant sells infringing product in this district and elsewhere.

9. Upon belief, the Defendant sold product over online platforms and/or their own websites, which are websites that are active rather than passive websites, meaning, they permit Ohio users to place orders, to store personal account information, to register a username and password, to access customer service, and to ship products to different states, including Ohio. Websites with similar features have been found to satisfy the 'purposeful availment' requirement of the "minimum contacts" analysis satisfying due process. *See, e.g., Solar X Eyewear, LLC v. Bowyer*, 2011 WL 3418306 (N.D. Ohio Aug. 4, 2011); *Wood v. 1-800-Got-Junk?, LLC*, 2007 WL 895008 (S.D. Ohio March 22, 2007); *V Secret Catalogue v. Zdrok*, 2003 WL 22136303 (S.D. Ohio Aug. 29, 2003); *Bath and Body Works, Inc. v. Wal-Mart Stores, Inc.*, 2000 WL 1810478 (S.D. Ohio Sept. 12, 2000).

10. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) *et al.* because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendant is subject to personal jurisdiction in this district, and infringement occurred within this judicial district. Further, the Plaintiffs, and its

witnesses and evidence, are located in this district. Although venue could lie in many different potential forums, venue is proper here.

## FACTUAL ALLEGATIONS

11. Since its founding, the Plaintiffs have introduced a revolutionary product line and technology designed with the purpose of extracting the essence of all natural ingredients and allowing these flavors to infuse directly into a liquid of choice.

12. The Plaintiffs' products include the Citrus Zinger®, Aqua Zinger®, Salad Zinger®, Vodka Zinger®, and Kid Zinger®, among others.

13. The Citrus Zinger® was the Plaintiffs' first product and is it's most successful. The Plaintiffs' products are sold worldwide via its website, through distributors, at various retailers, and through large retailers.

14. The Citrus Zinger® naturally infuses the flavor, aroma, hue, plus the added vitamin, minerals, and nutrients, naturally when using fresh ingredients like fruits/vegetables in the Citrus Zinger®.

15. The Citrus Zinger® was developed to make a positive contribution toward improving daily diets – both in the food we eat and the beverages we drink. The Plaintiffs strongly believe in the infusion of farm fresh ingredients and strives to create innovative tools to harness this power. The Plaintiffs hope its products can become a driving force in helping the average consumer divert from unhealthy beverage choices.

16. With the Citrus Zinger®, users can avoid refined sugars, artificial flavorings, preservatives, and colorings while opting for nutritional hydration utilizing all-natural ingredients.

17. The Citrus Zinger® is safe, durable, and eco-friendly, made from Eastman Tritan BPA/EA-free plastics and food-grade safe materials.

18. The Plaintiffs' Citrus Zinger® has enjoyed considerable success and has been featured on television talk shows, countless industry tradeshows, and various other media outlets.

19. Mr. Joshua A. Lefkovitz is the founder and CEO of the Plaintiff corporations, both Zinganything and Brighteye.

20. On June 3, 2014, United States Utility Patent No. 8,740,116, entitled "Essence Extracting Drinking Vessel" (hereinafter referred to as the '116 patent) duly and legally issued to Joshua A. Lefkovitz, as inventor, for the aforementioned invention.  (A true and accurate copy of the '116 patent as issued is attached hereto as "Exhibit 1.")

21. All rights to the '116 patent, including but not limited to, the right to recover for infringement thereunder, have been assigned to the Plaintiff, Brighteye Innoviations, LLC.

22. The Plaintiffs' product line, including the Citrus Zinger®, reads on the '116 patent.

23. On September 27, 2016, U.S. Trademark No. 5,049,602 (hereinafter the '602 mark') registered to the Plaintiff for the trademark stylized as a "Z" in the classification of beverage dispensers and water bottles *et al*.  (A true and accurate copy of the '602 mark is attached hereto as "Exhibit 2.")

24. Effective May 29, 2013, the Plaintiff, Zinganything, has a Copyright via Copyright Registration No. TX 7-765-274 for the original content including text, photos, and artwork on its website, zinganything.com.  (See a true and accurate copy of the Copyright Registration attached as "Exhibit 3.")

25. The Plaintiffs' famous Citrus Zinger® product is protected by said intellectual property via patent, trademark, and copyright laws.

26. The Defendant, Ashley Collection dba Protocol, sold its infringing bottles at Kohl's Department stores. (See the bottle pictured in Kohl's packaging attached as "Exhibit 4.")

27. Protocol's bottle clearly infringes the Plaintiffs' '116 patent. (See a picture of the bottle profile view attached as "Exhibit 5," and compare visually to the '116 patent illustrations.)

28. Protocol's bottle cap goes so far as to use a backwards stylized-Z similar logo on top, which is very similar to Plaintiffs' bottle cap that is a stylized-Z. (See a picture of Defendant's bottle cap attached as "Exhibit 6," and compare it as a colorable imitation to Plaintiffs' 602 mark.)

29. The aforementioned activities of the Defendant has also injured and threaten future and immediate injury to the Plaintiffs. More specifically, the Defendant's activities have diminished the Plaintiff's goodwill and caused the Plaintiffs to lose sales that it otherwise would have made but for the sales of the Defendant.

30. The Defendant is not authorized in any way to sell their infringing products or to use the intellectual property owned by the Plaintiffs.

31. The Plaintiffs are entitled to an award of damages against Defendant, and is entitled to injunctive relief.

**CLAIM NO. 1**
*(Patent Infringement – 35 U.S.C. § 271 et seq.)*

32. The Plaintiffs hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

33. The Defendant has been and is currently making, using, offering for sale, selling, and/or importing products that infringe the '116 utility patent. (See Exs. 1, 4-5.)

34. The Defendant's conduct is an infringement of the '116 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

35. The Defendant will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

36. Upon information and belief, the Defendant has been, and is, actively inducing infringement of the '116 patent, by offering for sale and selling their infringing products to dealers such as Kohl's at wholesale prices who have, and will continue to, offer them for sale and sell them to end users.

37. The Defendant's infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiffs' rights, and wanton, and as a result, the Plaintiffs are entitled to treble damages pursuant to 35 U.S.C. § 284.

38. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorney's fees is justified.

### CLAIM NO. 2
*(Trademark Infringement – 15 U.S.C. § 1114(1) et seq.)*

39. The Plaintiffs hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

40. The Defendant have been and are currently making, using, offering for sale, selling, and/or importing products, and in doing, is misusing Plaintiff's trademarks. (The Defendant's bottle cap (Ex. 6) is clearly a colorable imitation of Plaintiff's '602 mark (Ex. 2)).

41. The Defendant has used without authorization the Plaintiff's federally registered marks in connection with the sale, offer for sale, distribution, and advertising of goods, which is likely to cause consumer confusion, mistake, or deception.

42. The Defendant has also intentionally misused in commerce marks or designations in connection with the sale, offering for sale, and distribution of goods knowing that such marks are misleading and can cause confusion.

43. The Plaintiffs are entitled to an injunction, destruction of the product, seizure of the product, trebling of damages, attorney's fees, and/or statutory damages at Plaintiffs' election under 15 U.S.C. § 1117(c)(1) and (c)(2) *et al*.

44. The Defendant will continue to misuse Plaintiffs' trademarks unless enjoined by this Court.

### CLAIM NO. 3
*(Copyright Infringement – 17 U.S.C. § 501 et seq.)*

45. The Plaintiffs hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

46. The Defendant has been and is currently making, using, offering for sale, selling, and/or importing products, and in doing, are misusing Plaintiffs' copyrighted text, photos, and images in connection with their offer for sale and sales.

47. The Defendant's conduct violates the Plaintiffs' right to control reproduction, distribution, and display of copyrighted works in violation of 17 U.S.C. §§ 106-122, 602 *et al*.

48. The Plaintiffs' website, zinganything.com, is copyrighted, and it contains images of Plaintiff's bottles, images of Plaintiff's stylized-Z logo, and other things, which are copyrighted (see, zinganything.com, and Ex. 3).  Protocol's bottle cap of a reverse stylized-Z

(Ex. 6) is an infringement of Plaintiffs' copyright, and is used to mislead the public as to the source and author.

49. The Plaintiffs are entitled to an injunction, actual damages or statutory damages at Plaintiffs' election, costs and attorney's fees.

50. The Defendant will continue to misuse Plaintiffs' copyrighted materials unless enjoined by this Court.

### CLAIM NO. 4
*(Unfair Competition – 15 U.S.C. § 1125(a); §43(a) of the Lanham Act )*

51. The Plaintiffs hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

52. The Defendant has used, and is using, the Plaintiffs' patent, trademark, and copyright, without any authorization from the Plaintiffs.  Defendant's sales are accomplished in such a fashion and design as to imitate, copy, and reproduce Plaintiffs' intellectual property.

53. The Defendant's acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiffs.

54. The Defendant's conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiffs' exclusive rights.

55. The Defendant's actions described herein constitute unfair competition in violation of Plaintiffs' rights under the Lanham Act, among other things.

## CLAIM NO. 5
*(Ohio Unfair Competition – O.R.C § 4165.02 et seq.)*

56. The Plaintiffs hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

57. All of the Defendant's acts and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq*.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, the Plaintiffs prays that this Court enter an Order against the Defendant as follows:

A) A preliminary injunction and permanent injunction enjoining the Defendant from making, using, offering for sale, selling, and/or importing any product that infringes upon the '116 patents;

B) An award of damages adequate to compensate for the patent infringement including lost profits but in no event less than a reasonable royalty, together with interest and costs pursuant to 35 U.S.C. § 284 *et al.*;

C) A trebling of patent infringement damages pursuant to 35 U.S.C. § 284 *et al.*;

D) Attorney's fees in a patent case pursuant to 35 U.S.C. § 285 *et al.*;

E) An injunction for trademark infringement pursuant to 15 U.S.C. § 1116(a) *et al.*;

F) Damages from trademark infringement including lost profits pursuant to 15 U.S.C. § 1117(a) *et al.*;

G) Attorney's fee in a trademark case pursuant to 15 U.S.C. § 1117(a) *et al.*;

H) A trebling of damages in a trademark case plus attorney's fees pursuant to 15 U.S.C. § 1117(b) *et al.*;

I) An award of statutory damages in a trademark case at Plaintiff's election pursuant to 15 U.S.C. § 1117(c)(1) *et al.*;

J) An award of damages for copyright infringement;

K) An injunction for copyright infringement pursuant to 17 U.S.C. § 502 *et al.*;

L) Impounding, destruction, or other reasonable disposition of all copies made in violation of the copyright laws pursuant to 17 U.S.C. § 503 *et al.*;

M) Actual damages for copyright infringement pursuant to 17 U.S.C. § 504(b) *et al.*;

N) Statutory damages for copyright infringement at Plaintiffs' election pursuant to 17 U.S.C. § 504(c)(1) *et al.*;

O) An increase of statutory damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2) *et al.*;

P) Costs and attorney's fees to Plaintiffs pursuant to 17 U.S.C. § 505 *et al.*;

Q) An accounting for damages resulting from Defendant's intellectual property infringement;

R) An assessment of interest on the damages so computed;

S) Judgment against Defendant indemnifying the Plaintiffs from any claims brought against the Plaintiffs for negligence, debts, malpractice, product liability, or other breaches of any duty owed by the Defendant to any person who was confused as to some association between the Plaintiffs and Defendant as alleged in this Complaint;

T) Judgment against Defendant for an accounting and monetary award in an amount to be determined at trial;

U) Requiring Defendant to account to the Plaintiffs for all sales and purchases that have occurred to date, and requiring the Defendant to disgorge any and all profits derived by Defendant for selling infringing product;

V) Requiring Defendant to provide full disclosure of any and all information relating to its supplier or suppliers of infringing product;

W) Requiring Defendant to provide the location of any and all manufacturing equipment, including but not limited to, molds used to manufacture infringing product;

X) Requiring Defendant to destroy any and all manufacturing equipment used to manufacture infringing product or to deliver said equipment to the Plaintiff;

Y) Ordering a product recall of infringing product for destruction;

Z) Requiring Defendant to file with this Court and serve on the Plaintiffs within thirty (30) days of this Court's order a report setting forth the manner in which they complied with the order;

AA) Requiring Defendant to provide to Plaintiffs all sales records, including but not limited to, email, mail, and advertising lists;

BB) Damages according to each cause of action herein;

CC) Prejudgment interest; and,

DD) Any such other relief in law or equity that this honorable Court deems just.

## **JURY DEMAND**

WHEREFORE, the Plaintiffs requests a trial by jury on all issues so triable

Most Respectfully Submitted,


   /s/ David A. Welling
**DAVID A. WELLING (0075934) (lead counsel)**
**C. VINCENT CHOKEN (0070530)**
CHOKEN WELLING LLP
55 S. Miller Rd., Ste. 203
Akron, Ohio 44333
Tel. (330) 865 – 4949
Fax (330) 865 – 3777
davidw@choken-welling.com
vincec@choken-welling.com

**JOHN D. GUGLIOTTA (0062809)**
PATENT + COPYRIGHT + TRADEMARK LAW GROUP
3020 W. Market St., Ste. C
Akron, Ohio 44333
Tel. (330) 253 – 2225
Fax (330) 253 – 6658
johng@inventorshelp.com

*Counsel for the Plaintiffs*